RYAN P. STEEN, Bar No. 0912084
ryan.steen@stoel.com
JASON T. MORGAN, Bar No. 1602010
jason.morgan@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900

*Attorneys for Intervenor-Defendant
ConocoPhillips Alaska, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary of the Interior, et al.,<br><br>Defendants.<br><br>CONOCOPHILLIPS ALASKA, INC., et al.,<br><br>Intervenor- Defendants. | Case No. 3:25-cv-00356-SLG |

### CONOCOPHILLIPS ALASKA, INC.'S MOTION TO SUBMIT SUPPLEMENTAL MATERIALS

Pursuant to Local Rule 7.1(d), Intervenor-Defendant ConocoPhillips Alaska, Inc.

("ConocoPhillips") respectfully requests leave to submit documents demonstrating the

Bureau of Land Management's ("BLM's") updated approval and permitting of

*Sovereign Iñupiat for a Living Arctic, et al. v. Doug Burgum, et al.*
Case No. 3:25-cv-00356-SLG        1

ConocoPhillips's rights-of-way, seismic exploration, and approved applications for permit to drill ("APDs").[1] These materials, issued December 22 and 23, 2025, are part of BLM's administrative record in this case.

Plaintiffs have challenged BLM's November 2025 decisions that have been superseded and replaced by BLM's December 2025 decisions. In an effort to avoid mootness arguments, Plaintiffs state in their reply brief that "the November decision is still operative."[2] Plaintiffs appear to believe that the superseded decisions remain in effect until BLM issues new individual permits pursuant to its December decision record. And they claim, without citation, that BLM has "apparently" not issued those new individual permits.[3]

Plaintiffs are wrong. On December 22 and 23, 2025, BLM issued renewed approvals for the rights-of-way, seismic exploration, and updated APDs based on its revised December decision record.[4] Plaintiffs do not mention or challenge these approvals in their amended complaint.

---

[1] *See* Exhibits 1-5.
[2] Dkt. 26 at 12.
[3] *See id*. at 12.
[4] Exhibits 1-5; *cf*. Dkt. 24 ¶ 146 ("BLM approved the applications for permits to drill, seismic exploration permit, plugging and abandonment, and right-of-way grant on November 26, 2025.").

*Sovereign Iñupiat for a Living Arctic, et al. v. Doug Burgum, et al.*
Case No. 3:25-cv-00356-SLG 2

ConocoPhillips therefore seeks leave to include the following documents that Plaintiffs claim "apparently" do not exist: BLM's December 23, 2025 right-of-way grant (Exhibits 1 and 2); BLM's December 23, 2025 seismic exploration permit (Exhibits 3 and 4); and an example of one of the four updates to approved APDs that BLM issued on December 22, 2025 (Exhibit 5).[5] These documents show that BLM issued specific authorizations in December that superseded BLM's November approvals and directly contradict Plaintiffs' allegation that BLM's November authorizations remain in effect.

Pursuant to Local Civil Rule 7.1(d)(2), "supplementation of factual materials may occur only by motion for good cause" and the "motion must have the proposed factual materials attached as an exhibit and address the reasons earlier filing was not possible or their relevance was not appreciated." ConocoPhillips did not provide these materials previously because it did not anticipate, and could not have reasonably anticipated, that Plaintiffs would make a factually incorrect argument regarding the issuance of these permits, and especially not without first inquiring with BLM or ConocoPhillips to verify such a statement.

Additionally, ConocoPhillips was attempting to be judicious with the scope of materials from the administrative record attached to its opposition brief in light of the exigent nature of the injunction request. Plaintiffs' motion only cited and attached the

---

[5] The four permits are substantially similar. ConocoPhillips has attached an exemplar to reduce the amount of paper submitted to the Court.

Environmental Assessment ("EA"), Finding of No New Significant Impact ("FONNSI"), and BLM's "decision record," not any of the individual permits. ConocoPhillips accordingly reasonably assumed that only those attached documents were germane to Plaintiffs' case, and attached the new and superseding December 22, 2022, versions of the EA, FONNSI and decision record to its opposition brief.[6] ConocoPhillips also reasonably presumed that it would be self-evident that BLM would reissue the individual permits as indicated in the decision record, which it immediately did.

Accordingly, good cause exists to consider these additional materials now and to ensure the full record is before the Court. Counsel for Federal Defendants and the State of Alaska informed counsel for ConocoPhillips that they do not oppose this motion. Counsel for Plaintiffs communicated that Plaintiffs take no position and reserve the right to respond to this motion.

| | |
|---|---|
| DATED: December 30, 2025. | STOEL RIVES LLP |
| | /s/ *Ryan P. Steen* |
| | Ryan P. Steen (Bar No. 0912084) |
| | ryan.steen@stoel.com |
| | Jason T. Morgan (Bar No. 1602010) |
| | Jason.morgan@stoel.com |
| | |
| | *Attorneys for Intervenor-Defendant ConocoPhillips Alaska, Inc.* |

Certification: Counsel for Intervenor-Defendant certifies that this brief is 601 words.

---

[6] *See* Dkt. 20, Exhibits 16-18.

*Sovereign Iñupiat for a Living Arctic, et al. v. Doug Burgum, et al.*
Case No. 3:25-cv-00356-SLG  4